IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GUADALUPE RAMIREZ, III, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | |
| § | No. 3:14-cv-452-P-BN |
| WILLIAM STEPHENS, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Guadalupe Ramirez, III, a Texas prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion seeking a stay so he may raise new claims in state court. *See* Dkt. No. 21. For the reasons stated herein, Petitioner's motion [Dkt. No. 21] should be denied.

**Background**

On November 15, 2011, a jury found Petitioner guilty and sentenced him in Cause Nos. 26486 (aggravated assault against public servant – 50 year); 26902 (aggravated assault by use of a deadly weapon – 10 years), 26903 (aggravated assault by use of a deadly weapon – 15 years), 26905 (aggravated assault by use of a deadly weapon – 15 years); and 26968 (aggravated robbery with a deadly weapon – 50 years) in the 196th District Court of Hunt County, Texas. The sentences were concurrent. The convictions were affirmed on direct appeal in five separate opinions. *See Ramirez v.*

*State*, Nos. 06-11-00251-CR through 06-11-00255-CR (Tex. App. – Texarkana, Nov. 27, 2012, no pet.). Petitioner filed applications for state post-conviction relief challenging these convictions. The applications were denied without written order. *See Ex parte Ramirez,* WR-80,672-01 through 80,672-05 (Tex. Crim. App. January 8, 2014).

Petitioner then filed this action in federal district court challenging the five convictions and sentences.

Petitioner asks for a stay so that he may obtain and review trial transcripts and raise the following new grounds:

(1) actual innocence, because some of the witnesses said the robbery was committed by four "black males" and Petitioner states his ethnic group is "mexican"; and

(2) possible prosecutorial misconduct and vindictive prosecution, because the excessive number of charges, including other charges that were dismissed, happened in a single episode.

Petitioner states there may be other grounds after the transcripts are reviewed. He asks that he be allowed to review the transcripts and raise new grounds in state court or, alternatively, that he be given the transcripts and be allowed to raise new ground in this Court.

## Legal Standards and Analysis

"An indigent has no absolute right to a free copy of his transcript merely to search for possible defects." *Doyal v. United States*, 456 F.2d 1292, 1293 (5th Cir. 1972) (citing *Colbert v. Beto*, 439 F.2d 1130 (5th Cir. 1971); *Bennett v. United States*, 437 F.2d

1210 (5th Cir. 1971); *Skinner v. United States*, 434 F.2d 1036 (5th Cir. 1970)).

The Court may grant a stay so that a petitioner may exhaust his claims if the petitioner had good cause for failing to first exhaust claims in state court, the unexhausted claims are potentially meritorious, and there is no indication the petitioner has engaged in dilatory tactics. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

One of the grounds Petitioner wishes to raise concerns a difference between witnesses' descriptions of the robbers' race and Petitioner's race or ethnic group. But a challenge to the sufficiency of evidence on this basis was raised and rejected on appeal. *See Ramirez v. State*, No. 06-11-00255-CR, slip op. at 3-16. Thus, Petitioner could have raised a ground in the Texas Court of Criminal Appeals in a petition for discretionary review or in his state habeas corpus applications. The other possible ground Petitioner wishes to raise concerns the number of charges against him. But Petitioner would have been aware of the charges against him.

Petitioner has not shown good cause for not raising these grounds previously in the Court of Criminal Appeals. And he has not shown the grounds are potentially meritorious. Petitioner's request for a stay and to be given the transcripts to review should be denied.

Petitioner's motion also asks to proceed with the help of counsel. It is not clear that Petitioner is asking for appointed counsel, but, to the extent the motion may be construed as requesting appointed counsel, it should be denied without prejudice. The Court will appoint counsel to represent Petitioner only if his petition for post-conviction

relief raises a substantial legal issue or an evidentiary hearing is required. *See* RULES GOVERNING SECTION 2254 CASES, Rule 8(c). The Court cannot make that determination until it completes review of the pleadings and state court record. The Court will appoint counsel to represent Petitioner, without the necessity of a further motion, if it determines that his Section 2254 petition raises a substantial legal issue or requires an evidentiary hearing. To the extent Petitioner's motion [Dkt. No. 21] seeks appointed counsel, that request should be DENIED without prejudice.

### Recommendation

Petitioner's motion to stay and his request therein to be given the transcripts to review [Dkt No. 21] should be denied. To the extent the motion also asks for appointed counsel, that request should be denied without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 26, 2014

                                            _____
                                            DAVID L. HORAN
                                            UNITED STATES MAGISTRATE JUDGE